UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WALTER HUGHLEY,

                Petitioner,          **MEMORANDUM and ORDER**

      — against —                    08-CV-617 (SLT)(JMA)

WILLIAM BROWN,

                Respondent.
-----------------------------------------------------------X
**TOWNES, United States District Judge:**

      Petitioner, Walter Hughley, commenced this action in January 2008 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Northern District of New York. The sole ground for relief alleged in the Petition related to prosecutorial misconduct which allegedly occurred during the trial of Petitioner and his co-defendants. The Petition was transferred to this Court, and on July 1, 2008, this Court entered an order directing Respondent to show cause why the Petition should not be granted.

      In August 2008, before Respondent filed its return, Petitioner wrote this Court a letter requesting that counsel be appointed to represent him. *See* Letter to Hon. Sandra L. Townes from Walter Hughley, dated Aug. 4, 2008, at 1. In that letter, which is neatly typed and highly articulate, Petitioner states that he is "legally blind," does not know anything about the law, and therefore, needs an attorney to "properly litigate his constitutional claim." *Id*. Petitioner represents that one of his co-defendants, Claude Holland, assisted him in preparing his Petition, but that Mr. Holland has since been transferred to another facility. *Id*. Petitioner acknowledges that "a petitioner in habeas corpus proceedings does not have a Constitutional right to counsel," but nonetheless urges this Court to do so "in the interest of justice due to his physical disability." *Id*.

As Petitioner correctly notes, habeas petitioners and other civil litigants have no constitutional right to counsel. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). As a result, there is no panel of government-funded attorneys available to be appointed to represent litigants in civil cases. A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but the Court cannot compel any attorney to accept a civil case on a *pro bono* basis. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989).

A district court considering whether to request an attorney for a *pro se* civil litigant must first determine whether the litigant's position seems "likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)), *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204-05 (2d Cir. 2003); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Only if a litigant's claims meet this "threshold requirement," should a court consider other factors, such as the petitioner's "ability to handle the case without assistance in light of the required factual investigation, [and] the complexity of the legal issues . . . ." *Cooper*, 877 F.2d at 172. Thus, where the "merits of [a petitioner's] claim are thin and his chances of prevailing are . . . poor," a court need not appoint counsel to represent a petitioner just because the petitioner is blind. *See Terrell v. Walsh*, No. 03 Civ. 7613 (GDB) (DFE), 2004 WL 1824317, at *1 (S.D.N.Y. Aug. 16, 2004).

This Court has conducted a thorough review of both the petition and the response thereto and concludes that the petition is not likely to be of substance. Co-defendant Holland's § 2254 petition, which raised a prosecutorial misconduct issue similar – if not identical – to the issue raised in this case, was recently denied by Judge Gleeson. *See Holland v. Brown*, No. 08-CV-1260 (JG) (SMG), 2008 WL 4164083 (E.D.N.Y. Sept. 5, 2008). Moreover, even if this Court

believed that the Petition was likely to be of substance, it would not appoint counsel for two reasons. First, this Court does not find the legal or factual issues in this case to be particularly complex. Second, Petitioner's letter requesting appointment of counsel is unusually articulate and demonstrates a basic understanding of the law relating to appointment of counsel in habeas cases. This suggests that Petitioner either has the ability to represent himself adequately or, despite the relocation of Mr. Holland, has access to someone who can assist him in doing so.

For the reasons stated above, Petitioner's motion for appointment of counsel is denied. *See Ferrelli*, 323 F.3d at 204-05; *Hodge*, 802 F.2d at 61. However, in light of Petitioner's *pro se* status and disability, this Court will, *sua sponte*, extend Petitioner's time to file his reply to December 19, 2008.

SO ORDERED.

Dated: Brooklyn, New York
October 20, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

3