UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER HUGHLEY,

       Petitioner,

 — against —

WILLIAM BROWN,

       Respondent.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

08-CV-617 (SLT) (JMA)

**TOWNES, United States District Judge:**

## INTRODUCTION

*Pro se* petitioner Walter Hughley ("Petitioner" or "Hughley") was convicted in New York State Supreme Court, Queens County of criminal possession of a controlled substance in the first degree. In this petition, he seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner alleges that he was deprived of his right to a fair trial by improper comments made by the prosecution at trial. Petitioner contends that the prosecutor made inflammatory remarks in contravention of a court order. For the reasons set forth below, the petition is denied.

## BACKGROUND

On October 27, 2001, police officers executed a search warrant on a Queens apartment and arrested the three individuals inside: Petitioner; his niece, Shanaye Hughley; and his friend, Claude Holland. Petitioner was apprehended in a bedroom on the second floor of the apartment with $1,400 in his pocket. In that bedroom, police found a pound of cocaine, two small electronic scales, and small plastic bags in plain view. They also found crack cocaine, cutting agents and approximately $40,000 in cash in other locations throughout the apartment.

1

Petitioner, his niece, and Holland were tried jointly. Petitioner did not testify at trial. Ms. Hughley testified that the apartment belonged to her mother, Anita Lee, and that the three co-defendants only visited the apartment on October 27, 2001 to pick up Ms. Hughley's possessions.

During the prosecutor's summation at trial, she stated that Petitioner and his co-defendants were "part and parcel" of "a real life drug dealing enterprise." Tr. at 1550. The prosecutor later repeated this statement and defense counsel objected and moved for a mistrial. Tr. at 1572. In denying the motion, the court instructed the prosecutor to refrain from using the phrase "drug dealing enterprise." Tr. at 1574. However, the prosecutor repeated the phrase once more, after which defense counsel objected, the judge admonished the prosecutor and she then apologized. Tr. at 1575.

The jury convicted Petitioner of criminal possession of a controlled substance in the first degree on October 21, 2003. On appeal, the New York Appellate Division affirmed the conviction on September 25, 2007, *People v. Hughley*, 43 A.D.3d 1180 (2d Dept. 2007). The Appellate Division held that "[t]he challenged portion of the prosecutor's summation constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom." *Id.* at 1181. Petitioner's application for leave to appeal was denied by the New York Court of Appeals on November 30, 2007. *People v. Hughley*, 9 N.Y.3d 991 (2007). On January 24, 2008, Petitioner timely filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

2

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The same standard holds for petitions for federal habeas relief. *See Samper v. Greiner*, 74 F. App'x 79, 82 (2d Cir. 2003); *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (per curiam). As such, Hughley's petition is to be "interpret[ed] to raise the strongest arguments that [it] suggests." *Brownwell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006).

Petitioner presents his claim concerning the remarks made by the prosecutor as a Sixth Amendment violation, but the Court construes it as a claim for a violation of due process:

> When a habeas petitioner alleges that a prosecutor's remarks at trial "deprived [him] of a constitutionally fair trial," but does not claim that he has been "denied . . . the benefit of a specific provision of the Bill of Rights, such as the right to counsel," the fair trial complaint is based not in the Sixth Amendment, but in the due process clauses of the Fifth and Fourteenth Amendments."

*Holland v. Brown*, No. 08-CV-1260, 2008 WL 4164083, at *3 (E.D.N.Y. Sept. 5, 2008) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 641, 643 (1974)). The Second Circuit has developed an exacting standard for overturning a conviction based on a prosecutor's remarks:

> A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone in an otherwise fair proceeding. In order to reach the level of a constitutional violation, a prosecutor's remarks must so infect the trial with unfairness as to make the resulting conviction a denial of due process. Prosecutorial misconduct during summation is grounds for reversal only when the remarks caused substantial prejudice to the defendant.

*Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991) (internal citations and quotation marks omitted). The prosecutor's comments, when viewed in the context of the entire summation and the other evidence at trial, do not amount to a violation of the Petitioner's federal rights.

3

The statements referenced by Petitioner constituted "fair comment on the evidence" and do not render his conviction constitutionally defective. *Holland*, 2008 WL 4164083, at *2-*4. Moreover, Petitioner has failed to demonstrate that he was substantially prejudiced by the summation, even if the challenged comments were improper. In light of the overwhelming evidence of guilt, it is unlikely that, any particular comment in the prosecutor's summation had a substantial effect on the jury's verdict. The comments challenged by Petitioner "were short statements in the context of a long trial." *McLean v. Green*, No. CV-05-5603, 2009 WL 4778824, at *10 (E.D.N.Y. Apr. 15, 2009); *see also, Tankleff v. Senkowski*, 135 F.3d 235, 253 (2d Cir. 1998); *United States v. Modica*, 663 F.2d 1173, 1182 (2d Cir. 1981).

The Supreme Court has held that a prosecutor's comments at trial must be beyond "improper" or "universally condemned" to render a trial constitutionally unfair. *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986) (internal quotation marks omitted). Under the facts of this case, the prosecutor's comments did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Gonzalez*, 934 F.2d at 424 (internal quotation marks omitted). In light of the Court's determination that the petition is without merit, the Court need not reach the exhaustion issue raised by the respondent. *See Greiner v. Wells*, 417 F.3d 305, 318 n.14 (2d Cir. 2005) (citing 28 U.S.C. § 2254(b)(2)).

## CONCLUSION

For the reasons stated above, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and this action is dismissed. The Clerk of Court is directed to close this case. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment denying the instant petition would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal.

**SO ORDERED.**

Dated: June 22, 2010
Brooklyn, New York

/S/
SANDRA L. TOWNES
United States District Judge